**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vicki Jean BYRD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | No. CV-05-2469-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court are Plaintiff's Motion to Amend her Complaint [Doc. No. 42], Plaintiff's Motion to Remand this matter to state court [Doc. No. 46], and Defendants' Motion to Dismiss [Doc. No. 50].

**BACKGROUND**

On April 1, 2005, Plaintiff, appearing *pro se*, filed a Complaint in Maricopa County Superior Court against St. Joseph's Hospital, Catholic Healthcare West ("CHW"), unnamed doctors and staff, Barrows Neurological Institute ("Barrows"), Aetna Life Insurance Company ("Aetna"), and Aetna's staff and nurses. In her Complaint, Plaintiff alleges medical malpractice by all Defendants regarding their care and/or treatment of her late husband. Aetna removed the case to this Court on August 15, 2005. [Doc. Nos. 1, 2] Plaintiff moved to remand the case to Superior Court on August 23, 2005, but withdrew the Motion on September 19, 2005. [Doc. Nos. 10, 19] This matter was previously assigned to the Honorable David G. Campbell, and was subsequently assigned to the Honorable Earl H.

Carroll. [Doc. Nos. 31, 35] Judge Carroll recused himself from this case on January 26, 2006, when this case was assigned to this Court. [Doc. No. 35]

On February 6, 2006, the Court conducted a Rule 16 preliminary pretrial conference. [Doc. No. 37] Plaintiff appeared on her own behalf, and counsel for Aetna and counsel for Defendants St. Joseph's Hospital, Barrows, and CHW also appeared. [Id.] In an Order dated February 7, 2006, the Court ordered Plaintiff to file the expert opinion affidavit required in medical malpractice cases by the applicable Arizona Revised Statutes by June 2, 2006. [Doc. No. 38] The Court noted that if Plaintiff failed to submit the requisite report, motions to dismiss would be entertained. [Id.] To date, Plaintiff has filed no such report. Rather, Plaintiff has filed the instant Motion to Amend her Complaint and the instant Motion to Remand to Superior Court. [Doc. Nos. 42, 46] Aetna was voluntarily dismissed from this action on May 23, 2006. [Doc. No. 45] In an Order dated May 26, 2006, the Court reminded Plaintiff of her burden to furnish the affidavit required by Arizona law. [Doc. No. 47] The Court also deferred its ruling on Plaintiff's Motions until after the June 2, 2006 deadline had passed. [Id.]

On June 14, 2006, the remaining Defendants filed a Motion to Dismiss due to Plaintiff's failure to the required expert opinion affidavit. [Doc. No. 50] The Court issued an Order on June 26, 2006, allowing Plaintiff ten days to file a Response to the Motion. [Doc. No. 51] Plaintiff filed her Response on July 3, 2006 [Doc. No. 52], and Defendants replied on July 10, 2006. [Doc. No. 53] The three pending motions have been fully briefed and are now ripe for consideration by the Court.

**DISCUSSION**

**A. Plaintiff's Motion to Remand**

Plaintiff moves to remand this matter to state court because the defendant who removed the case to this Court on federal law grounds, Aetna, has been dismissed from this action. Plaintiff argues that federal jurisdiction no longer exists because the federal question basis for subject matter jurisdiction, ERISA, disappeared when Aetna was dismissed from

- 2 -

1 this case. Defendants counter that the Court may exercise its pendent jurisdiction over
2 Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3 Plaintiff's Complaint asserts state law medical malpractice claims, and some of
4 Plaintiff's claims, as they related to Aetna, sounded in ERISA. Under 28 U.S.C. § 1367, a
5 federal district court may exercise supplemental, or pendent, jurisdiction over state law
6 claims "when the federal claim is sufficiently substantial to confer federal jurisdiction, and
7 there is a common nucleus of operative fact between the state and federal claims." Brady v.
8 Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417,
9 421 (9th Cir. 1991)) (internal quotation marks omitted). Here, the ERISA claim was
10 substantial enough to confer jurisdiction in this Court, and Plaintiff's claims arise from the
11 same core of facts, which concern the care of her late husband by all the defendants listed in
12 the Complaint. Thus, the Court concludes that the Court may exercise supplemental
13 jurisdiction in this case.

14 28 U.S.C. 1367(c), however, provides that a district court may decline to exercise
15 supplemental jurisdiction when the claims over which the court had original jurisdiction have
16 been dismissed. The language of § 1367(c) is discretionary, though, and the Ninth Circuit
17 has clearly held that a federal district court "may retain jurisdiction even if the federal claims
18 over which it had original jurisdiction are dismissed." Brady, 51 F.3d at 816. The Court
19 loses subject matter jurisdiction only when the federal claim was "absolutely devoid of merit
20 or obviously frivolous." Gilder, 936 F.2d at 421. Here, the claims sounding in ERISA were
21 not devoid of merit or obviously frivolous. Thus, it is within the Court's discretion whether
22 to remand the remaining state law claims, and the Court considers such factors as judicial
23 economy, convenience, fairness, and comity in making its determination. Brady, 51 F.3d at
24 816. The Court now considers those factors in deciding whether to remand this case.

25 At the outset, the Court notes that this case has been pending since April 2005 and in
26 federal court since August 2005. In February 2006, the Court held a thorough preliminary
27 pretrial conference hearing. [Doc. No. 37] After carefully listening to all parties at the
28 hearing, the Court allowed Plaintiff until June 2, 2006 to comply with Arizona law in

1 bringing her medical malpractice claims. [Id., Doc. No. 38] Thus, the Court is quite familiar
2 with the facts of this case and the legal issues involved. The "commonsense policy of
3 pendent jurisdiction" is "the conservation of judicial energy and the avoidance of multiplicity
4 of litigation." Rosado v. Wyman, 397 U.S. 397, 405 (1970); see also Imagineering, Inc. v.
5 Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992) (noting that the Ninth Circuit
6 frequently upholds "decisions to retain pendent claims on the basis that returning them to
7 state court would be a waste of judicial resources"). The Court therefore concludes that
8 judicial economy, convenience, and fairness are served by exercising supplemental
9 jurisdiction and retaining this case.

10 Thus, this Court's original jurisdiction over the ERISA claim gives it the power to
11 exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. 1367(a).
12 See Sea-Land Serv., Inc., v. Lozen Int'l, LLC, 285 F.3d 808, 818 (9th Cir. 2002). The Court,
13 in the interest of judicial economy, convenience, and fairness, will exercise supplemental
14 jurisdiction over the remaining state law claims in this matter. Plaintiff's Motion to Remand
15 will accordingly be denied.

### B. Defendants' Motion to Dismiss

17 Defendants move to dismiss this case for Plaintiff's failure to file the expert opinion
18 affidavit required for this medical malpractice action. In response to Defendants' Motion,
19 Plaintiff asserts that state court is the proper jurisdiction for this case [Doc. No. 52] and, in
20 another filing with the Court, Plaintiff details her efforts to retain an expert [Doc. No. 49].
21 Plaintiff states in her filing that one expert "would be a terrible witness" and another "was
22 not interested" in her case. [Id.]

23 Section 12-2602(F) of the Arizona Revised Statutes provides that the court "*shall*
24 dismiss the claim against the licensed professional [the defendant] without prejudice if the
25 claim fails to file and serve a preliminary expert opinion affidavit after the claimant [] has
26 certified that an affidavit is necessary or the court has ordered the claim to file and serve an
27 affidavit." ARIZ. REV. STAT. § 12-2602(F) (emphasis added). As noted above, Plaintiff has
28 not furnished an expert affidavit as required by A.R.S. § 12-2602. The Court, pursuant to

A.R.S. § 12-2602(F), must dismiss this action without prejudice due to Plaintiff's failure to comply with the expert affidavit requirement. Consequently, the Court will grant Defendants' Motion to Dismiss.

**C. Plaintiff's Motion to Amend**

Plaintiff also moves to amend her Complaint to name the physicians and hospital staff by name. However, because the Court has concluded that this case shall be dismissed, the Motion to Amend will be denied as moot.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [Doc. No. 50] is GRANTED. This matter is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [Doc. No. 46] is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [Doc. No. 42] is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 1st day of August, 2006.

Stephen M. McNamee
United States District Judge